**United States District Court**
**District of Minnesota**

| | |
|---|---|
| Christy Blake,<br><br>Plaintiff,<br><br>v.<br><br>Williams & Fudge, Inc.,<br><br>Defendant. | Court file no. _____<br><br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

### Jurisdiction

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") in its illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendant transacts business in Minnesota.

**Parties**

4. Plaintiff Christy Blake is a natural person who resides in the city of Minneapolis, county of Hennepin, state of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Williams & Fudge, Inc. (hereinafter "W&F") is a debt collection company located at 6455 Lake Avenue, Orchard Park, New York 14127, with a registered agent of C T Corporation System, Inc., 100 South 5th Street #1075, Minneapolis, MN 55402. Defendant W&F regularly collects or attempts to collect consumer debt in the District of Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

6. In or before 2003, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely an alleged private student loan with Citibank and/or The Student Loan Corporation in the approximate amount of $10,000, which was used by Plaintiff for personal, family, and household purchases.

7. In or around 2004, Plaintiff completed her education and the alleged debt was due and payable soon thereafter.

8. On or around June 8, 2007, Citibank and/or The Student Loan Corporation transferred all right, title, and interest in the debt to United Guaranty Commercial Insurance Company of North Carolina. The transaction was memorialized in a document titled "Transfer of Ownership."

9. The Transfer of Ownership dated June 8, 2007 refers to the debt as a defaulted loan, or words to that effect.

10. Payment has not made any payments towards this alleged debt since 2007.

11. In or around 2008, Plaintiff made payment arrangements with a different debt collector--LCS--for a number of student loans she had incurred with Citibank. At the time of that arrangement, Plaintiff believed this debt was part of her payment arrangement with LCS.

12. However, Plaintiff has recently learned, and believes, this alleged debt was not part of that payment arrangement.

13. At some point after 2007, this alleged debt was consigned, placed or otherwise transferred to Defendant W&F for collection from Plaintiff.

**Defendant Misleads Plaintiff As to the Legal Status of the Debt**

14. In or around May 2014, Defendant W&F began contacting Plaintiff by telephone and in writing, and each one of these phone calls and letters were a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. On or around May 30, 2014, Plaintiff received a collection letter from Defendant W&F.

16. Because of her payment arrangement, Plaintiff was confused about the alleged debt and requested validation of the alleged debt.

17. A few weeks later, Plaintiff received a written response from Defendant W&F. The written response included the original loan application from 2003, along with the Transfer of Ownership from 2007. The paperwork did not provide any information or indication of any payments towards the debt.

18. At that point, Plaintiff was confused and concerned about this alleged debt, as she believed her payment arrangement included this alleged debt.

19. On or around July 1, 2014, Plaintiff called Defendant W&F to clarify the status of the alleged debt, and this call became a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20. Plaintiff spoke with an unidentified female collector that was employed by Defendant W&F.

21. Defendant W&F's collector told Plaintiff that the date of default was July 31, 2007, or words to that effect.

22. Plaintiff asked when the last payment was, and Defendant W&F's collector told Plaintiff she didn't know, or words to that effect.

23. Plaintiff then asked Defendant W&F's collector if the debt was beyond the statute of limitations, or words to that effect.

24. Defendant W&F's collector told Plaintiff that "it won't go away because this is a student loan" or words to that effect.

25. Plaintiff expressed concern that the alleged debt had already been paid, or words to that effect.

26. Defendant W&F's collector told Plaintiff that unless Plaintiff faxed her proof the loan had been paid by 7 p.m. that evening, she would no longer be able to assist Plaintiff, or words to that effect.

27. Plaintiff explained that she was simply trying to understand her current situation with the other debt collector she was making payments to, or words to that effect.

28. Defendant W&F's collector told Plaintiff that the other collector did not concern her, and if Plaintiff was not willing to discuss a payment plan she would hang up the phone, or words to that effect.

29. Plaintiff again asked if she could contact Defendant W&F once she had some clarity from the other debt collector, or words to that effect.

30. Defendant W&F's collector told Plaintiff she was hanging up the phone, she no longer had control over the account, and she didn't know what would Defendant W&F would do. Defendant W&F's collector then told Plaintiff they were no longer willing to her help, or words to that effect.

31. After the call, Plaintiff was extremely upset to the point where she was in tears. Plaintiff felt like she was trying to resolve this matter, and Defendant W&F's collector was extremely rude and disrespectful.

32. The alleged debt was a private student loan, which does have a statute of limitations.

33. By telling Plaintiff that the debt would not go away, Defendant W&F violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f.

34. By telling Plaintiff that she needed to make payment arrangements, despite the fact that the debt was past the statute of limitations, Defendant W&F violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

35. By telling Plaintiff that she needed to make payment arrangements, despite the fact that Plaintiff had explained she thought this alleged debt had already been paid, Defendant W&F violated numerous and multiple

provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

36. By telling Plaintiff that she needed to fax proof that the alleged debt was paid by 7 p.m., Defendant W&F was trying to create a false and misleading sense of urgency, in violation numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

*Defendant Sends a Misleading Collection Letter and Continues Collection Efforts*

37. On or around July 15, 2014, Defendant W&F contacted Plaintiff in writing, namely by sending a misleading collection letter, and this letter was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

38. Defendant W&F's collector had previously told Plaintiff that Defendant W&F could "no longer help her." Despite that threat, Defendant W&F sent another collection letter.

39. The letter states "we have to yet to hear from you in regards to your intentions to pay this debt."

40. As described above, Plaintiff had made her intentions quite clear during the phone call. Defendant W&F's collector had indicated they could no longer help her.

41. Defendant W&F also continued to call Plaintiff after they had told her they could no longer help her.

42. By collecting on a debt, both in written and oral communications, after telling Plaintiff they could no longer help her, Defendant was in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f.

**Summary**

43. The above-described collection communications made to Plaintiff by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

44. Plaintiff has suffered actual damages as a result of Defendant's illegal conduct in the form of anger, frustration, confusion, crying, amongst other negative emotions.

45. Defendant's illegal abusive collection communication described above was the direct and proximate cause of emotional distress on the part of Plaintiff.

## Trial by Jury

46. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

## Causes of Action

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

47. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

48. The foregoing intentional and negligent acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

49. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Request for Relief

**Wherefore**, Plaintiff prays that judgment be entered against Defendant for:

**Count 1:**
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. §§ 1692 et seq.**

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: March 20, 2015_____        s/Randall P. Ryder_____
Randall P. Ryder (#389957)
2701 University Ave SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3270
e-mail • email@theryderlawfirm.com

**Attorney for Plaintiff**

## Verification of Complaint and Certification

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Christy Blake having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 3/6/15

_____
Christy Blake